[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11927
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00017-CR-T-23EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER JUAN-JUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 10, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Alexander Juan-Juarez appeals his eighteen-month sentence, which was imposed pursuant to 18 U.S.C. § 3583(e)(3) after the revocation of his supervised

release. Juan-Juarez argues that his eighteen-month sentence is both procedurally and substantively unreasonable. We affirm.

In 2007, Juan-Juarez was convicted of aiding and abetting the transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). He was sentenced to eleven months' imprisonment, followed by five years' supervised release with the special condition that, if deported, he would not re-enter the United States without the express permission of the United States Department of Homeland Security. In November 2007, Juan-Juarez was released from prison and, on December 20, 2007, he was deported to Mexico.

On October 15, 2008, Juan-Juarez was arrested for having re-entered the United States without permission and, in December 2008, he pleaded guilty to this offense in the United States District Court for the Central District of California. The California district court sentenced Juan-Juarez to 30 months' imprisonment, followed by three years' supervised release. On February 9, 2009, Juan-Juarez's probation officer filed in the Middle District of Florida a petition to revoke Juan-Juarez's supervised release, because (1) Juan-Juarez was arrested and charged with being an illegal alien found in the United States following deportation; and (2) Juan-Juarez failed to notify his probation officer within seventy-two hours of being arrested. Pursuant to U.S.S.G. § 7B1.4(a), Juan-Juarez's applicable guideline imprisonment

range was four to ten months and under 18 U.S.C. § 3583(e), the statutory maximum penalty was three years' imprisonment.

At the supervised release revocation hearing, Juan-Juarez admitted both supervised release violations. (R.2-62 at 4.) The court noted that it had clearly informed Juan-Juarez, during his July 2007 sentencing, that he could not re-enter the United States without permission. (*Id.* at 8.) It noted that Juan-Juarez defied the court's order, as well as United States immigration laws, by promptly re-entering the country. (*Id.* at 9.) The court noted that the federal district court in California had sentenced Juan-Juarez to thirty months' imprisonment, but determined that "the violation here deserves a distinct penalty and is not subsumed by the penalty that was assessed in California." (*Id.* at 9-10.)

The court adjudicated Juan-Juarez guilty of the supervised release violations and sentenced him to eighteen months' imprisonment to run consecutively to the thirty-month sentence imposed by the district court in California. (R.2-62 at 11.) It noted that it had considered the policies and guidelines of the United States Sentencing Commission, as well as the advisory guideline range and the 18 U.S.C. § 3553(a) sentencing factors. (*Id.* at 11-12.) It explained that Juan-Juarez "demonstrated an unaccountable resilience to an 11-month sentence given earlier and an admonition not to enter the United States without [permission]" by promptly re-

entering the country. (*Id.* at 12.) The court noted that Juan-Juarez's prior offense was not "mere presence," but rather involved the "large-scale transportation of aliens under grim circumstances." (*Id.*) The court found that Juan-Juarez had gained no respect for the law as a result of his prior sentence, appeared undeterred by that sentence, and was willing to commit further crimes. (*Id.*) The court determined that the sentence was "comfortably within the range of [a] reasonable sentence for someone who offends so quickly and so defiantly and . . . without remorse." (*Id.* at 13.) It noted that the sentence was above the high end of the applicable guideline range, but stated that it chose to make an impression on Juan-Juarez at this stage in his life. Juan-Juarez objected "as to [the] reasonableness" of the sentence. (*Id.* at 14.)

Juan-Juarez first argues that the district court's imposition of the eighteen-month sentence was procedurally unreasonable. We disagree. Juan-Juarez's sentence was procedurally reasonable, because the district court accurately calculated the advisory guideline range and treated the range as advisory, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the sentence. *See United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005). The court also adequately explained its reasons for imposing an upward variance, noting that the variance was warranted by Juan-Juarez's prompt re-entry into the country in violation of immigration laws and the court's order, the failure of Juan-Juarez's previous

eleven-month sentence to deter him from committing further crimes, and the court's desire to make an impression on Juan-Juarez at this stage in his life. Accordingly, the district court did not abuse its discretion and imposed a procedurally reasonable sentence.

Juan-Juarez next argues that his eighteen-month sentence is substantively unreasonable. We disagree. The fact that Juan-Juarez violated the immigration laws and the terms of his supervised release by re-entering the United States less than one year after being deported indicates that his previous eleven-month sentence was an insufficient deterrent and that a lengthier sentence was necessary to promote respect for the law. Moreover, the court noted during the revocation proceeding that Juan-Juarez's previous conviction for aiding and abetting the transportation of illegal aliens was a serious offense. Thus, although Juan-Juarez's criminal history may not have been lengthy, his prior offense was a serious one. Finally, the eighteen-month sentence was well below the applicable statutory maximum three-year term of imprisonment. *See* 18 U.S.C. § 3583(e)(3). In light of these facts, the eighteen-month sentence the district court imposed was substantively reasonable. We affirm the sentence.

AFFIRMED.